**GREENBERG TRAURIG, LLP**
ROBERT J. HERRINGTON (SBN 234417)
*HerringtonR@gtlaw.com*
MICHAEL E. McCARTHY (SBN 301010)
*McCarthyMe@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: 310-586-7700
Facsimile: 310-586-7800

Attorneys for Defendants
Hyundai Motor America and Hyundai Motor Company

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| DORSEY BENNETT, MICHELLE CLINKSCALES, JASON DEUTSCH, ALICIA DUENAS, IVEETH FIERROS, LORENZO FORD, TINA FOREHAND, SPENCER FULLER, ANGELA HAMILTON, LILY JONES, AUDREY MAY, RAMON MEZA, RONALD PADGETT, PATRICK SANDYS, SARA SMITH, SASKIA THOMSON, BRIAN VARDARO, AND ELIOTT WILLIS, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>vs.<br><br>HYUNDAI MOTOR AMERICA, a Corporation; and HYUNDAI MOTOR COMPANY, a business entity,<br><br>                    Defendants. | CASE NO.:  8:20-cv-00890-DOC-ADS<br><br>**DEFENDANTS HYUNDAI MOTOR AMERICA'S AND HYUNDAI MOTOR COMPANY'S NOTICE OF MOTION AND MOTION TO STRIKE OR DISMISS NATIONWIDE CLASS ALLEGATIONS**<br><br>Declaration of Michael E. McCarthy; [Proposed] Order Filed Concurrently<br><br>Hearing Date:  January 25, 2021<br>Hearing Time:  8:30 a.m.<br>Courtroom:     9 D<br><br>Assigned to Judge David O. Carter<br><br>Action Filed:  May 12, 2020<br>Trial Date:  None |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 25, 2021, at 8:30 a.m., in Courtroom 9 D of the above-captioned Court, located at 411 West Fourth Street, Santa Ana, California, 92701, Defendants Hyundai Motor America ("HMA") and Hyundai Motor Company ("HMC" and collectively, "Hyundai") will move, and hereby do move, this Court for an Order striking or dismissing the nationwide class allegations in Plaintiffs' First Amended Complaint ("FAC")—and dismissing the nationwide claims to the extent they are based on the law of any state other than the Plaintiffs' home state(s)—under Federal Rules of Civil Procedure 12(b)(1), 12(f) and 23(d)(1)(D).[1]

The nationwide class allegations should be stricken because (i) Plaintiffs do not have standing to assert any claim on a nationwide basis, and (ii) choice-of-law principles preclude a nationwide class action. The nationwide claims for breach of express warranty, breach of implied warranty of merchantability, fraud and unjust enrichment also should be stricken to the extent they are based on the laws of any state other than the remaining Plaintiffs' home state(s) (if any).[2]

This Motion is filed pursuant to the Court's Order dated August 12, 2020 (ECF No. 36), providing Hyundai thirty days to respond after Plaintiffs filed the FAC on September 30, 2020, making the deadline October 30, 2020. This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the concurrently-filed

---

[1] Prior to filing this Motion, Hyundai worked cooperatively with Plaintiffs to agree on a briefing schedule and mutually available hearing date. Hyundai has noticed the hearing date for the Motion consistent with the parties' discussion. The parties intend to file a stipulation to confirm the agreed-upon schedule, subject to the Court's approval.

[2] Concurrently with this Motion, Hyundai has filed a Motion to Compel Arbitration as to Plaintiffs Alicia Duenas, Iveeth Fierros and Lily Jones. Hyundai has also filed a Motion to Dismiss the FAC under Rule 12(b)(6). Hyundai reserves the right to compel arbitration of all Plaintiffs' claims based on the results of its ongoing investigation in this case, including, but not limited to, based on terms that may exist in Plaintiffs' agreements for their alleged purchases of the vehicles, which have not been provided.

Declaration of Michael E. McCarthy, all pleadings and files in this action, and upon such other and further oral or documentary evidence as may be presented to the Court at or prior to the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Civil Local Rule 7-3, which took place on October 21, 2020.

Respectfully submitted,

Dated: October 30, 2020      **GREENBERG TRAURIG, LLP**

By:   s/ *Robert J. Herrington*
Robert J. Herrington
*Attorneys for Defendants
Hyundai Motor America and
Hyundai Motor Company*

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT .................................................................................. 1

II. THE FAC IMPROPERLY ASSERTS CLAIMS ON BEHALF OF A PUTATIVE NATIONWIDE CLASS ........................................................................ 2

III. PLAINTIFFS' LACK OF STANDING, AS WELL AS CHOICE-OF-LAW PRINCIPLES, PRECLUDE ANY NATIONWIDE CLAIM .................................. 2

    A.   Standards for Motions to Strike under Rules 12(f) and 23(d)(1)(D) and Motions to Dismiss under Rule 12(b)(1) ...................................................... 2

    B.   The Court Should Strike or Dismiss the Nationwide Class Allegations, and Dismiss the Nationwide Claims to the Extent Brought Under the Laws of Any State Other than Plaintiffs' Home States, Based on a Lack of Standing. .................................................................. 3

    C.   Material Differences in State Laws Also Preclude a Nationwide Class. .......................................................................................................................... 5

IV. CONCLUSION ............................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

*Augustine v. Talking Rain Bev. Co.*,
   386 F. Supp. 3d 1317 (S.D. Cal. 2019) .................................................................. 6

*Broomfield v. Craft Brew All., Inc.*,
   2017 WL 3838453 (N.D. Cal. Sept. 1, 2017) ........................................................ 4

*Carpenter v. PetSmart, Inc.*,
   2020 WL 996947 (S.D. Cal. Mar. 2, 2020) ................................................. 1, 3, 4, 5

*Cover v. Windsor Surry Co.*,
   2016 WL 520991 (N.D. Cal. Feb. 10, 2016) ......................................................... 6

*Darisse v. Nest Labs, Inc.*,
   2016 WL 4385849 (N.D. Cal. Aug. 15, 2016) ...................................................... 7

*Davison v. Kia Motors Am., Inc.*,
   2015 WL 3970502 (C.D. Cal. June 29, 2015) .................................................. 6, 7

*Easter v. Am. W. Fin.*,
   381 F.3d 948 (9th Cir. 2004) .................................................................................. 4

*Freedline v. O Organics LLC*,
   2020 U.S. Dist. LEXIS 199873, __ WL __ (N.D. Cal. Apr. 22, 2013) ................ 8

*Frezza v. Google, Inc.*,
   2013 WL 1736788 (N.D. Cal. Apr. 22, 2013) ...................................................... 6

*Glenn v. Hyundai Motor Am.*,
   2016 WL 3621280 (C.D. Cal. June 24, 2016) ............................................. 2, 6, 7

*Hamilton v. TBC Corp.*,
   328 F.R.D. 359 (C.D. Cal. 2018) ........................................................................... 7

*Harris v. CVS Pharmacy, Inc.*,
   2015 WL 4694047 (C.D. Cal. Aug. 6, 2015) ........................................................ 4

*In re Aftermarket Auto. Lighting Products Antitrust Litig.*,
   2009 WL 9502003 (C.D. Cal. July 6, 2009) ......................................................... 4

*In re Interior Molded Doors Antitrust Litig.*,
  2019 WL 4478734 (E.D. Va. Sep. 18, 2019) .................................................................. 4

*In re Nexus 6P Prods. Liab. Litig.*,
  293 F. Supp. 3d 888 (N.D. Cal. 2018) ........................................................................... 6

*Jones v. Micron Tech., Inc.*,
  400 F. Supp. 3d 897 (N.D. Cal. 2019) ........................................................................... 4

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994) ...................................................................................................... 3

*Lewis v. Casey*,
  518 U.S. 343 (1996) ...................................................................................................... 5

*Maya v. Centex Corp.*,
  658 F.3d 1060 (9th Cir. 2011) ....................................................................................... 3

*Mazza v. Am. Honda Motor Co.*,
  666 F.3d 581 (9th Cir. 2012) ................................................................................. 6, 7, 8

*Mollicone v. Universal Handicraft, Inc.*,
  2017 WL 440257 (C.D. Cal. Jan. 30, 2017) ............................................................... 1, 4

*Nguyen v. Nissan N. Am., Inc.*,
  2017 WL 1330602 (N.D. Cal. Apr. 11, 2017) ............................................................... 6

*Pardini v. Unilever United States, Inc.*,
  961 F. Supp. 2d 1048 (N.D. Cal. 2013) ......................................................................... 6

*Przybylak v. Bissell Better Life LLC*,
  2019 WL 8060076 (C.D. Cal. July 19, 2019) ............................................................ 3, 4

*Roberts v. Wyndham Int'l, Inc.*,
  2012 WL 6001459 (N.D. Cal. Nov. 30, 2012) .............................................................. 3

*Ruegsegger v. Caliber Home Loans*,
  2019 WL 8163640 (C.D. Cal. Jan. 8, 2019) .................................................................. 3

*Sanders v. Apple Inc.*,
  672 F. Supp. 2d 978 (N.D. Cal. 2009) ........................................................................... 3

*Simon v. E. Ky. Welfare Rights Org.*,
   426 U.S. 26 (1976) .................................................................................................. 5

*Stitt v. Citibank*,
   2015 WL 9177662 (N.D. Cal. Dec. 17, 2015) ...................................................... 7

*Van Mourik v. Big Heart Pet Brands, Inc.*,
   2018 WL 1116715 (N.D. Cal. Mar. 1, 2018) ......................................................... 6

*Vinci v. Hyundai Motor Am.*,
   2018 WL 6136828 (C.D. Cal. Apr. 10, 2018) ............................................ *Passim*

*White v. Lee*,
   227 F.3d 1214 (9th Cir. 2000) .............................................................................. 3

*Zinser v. Accufix Research Inst.*,
   253 F.3d 1180 (9th Cir. 2001) .............................................................................. 7

**Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................................................ 2-3

Fed. R. Civ. P. 12(f) .................................................................................................. 2-3

Fed. R. Civ. P. 23(d)(1)(D) ....................................................................................... 2-3

# MEMORANDUM OF POINTS AND AUTHORITIES
## I.     PRELIMINARY STATEMENT

The Court should strike the nationwide class allegations—and dismiss the four nationwide claims asserted in the First Amended Complaint ("FAC") to the extent they are based on the laws of any state other than the Plaintiffs' home states—for at least two independent reasons. First, Plaintiffs do not have standing to assert the claims on a nationwide basis. Second, material differences in state law preclude the nationwide claims asserted.

**No standing for nationwide class allegations**: Plaintiffs do not have standing to assert a claim based on the law of any state other than their own. *See Carpenter v. PetSmart, Inc.*, 2020 WL 996947, at *7-9 (S.D. Cal. Mar. 2, 2020) (dismissing claims asserted on behalf of a nationwide class because the California plaintiff lacked standing to assert claims under any other state's law). Because they lack standing, Plaintiffs' nationwide class allegations should be stricken, and their nationwide claims for breach of express warranty, breach of implied warranty of merchantability, fraud and unjust enrichment should be dismissed to the extent they are based on the laws of any state other than the remaining Plaintiffs' home state(s), if any. *See Mollicone v. Universal Handicraft, Inc.*, 2017 WL 440257, at *9-10 (C.D. Cal. Jan. 30, 2017) ("[T]he majority of courts to consider this question have concluded that when 'a representative plaintiff is lacking for a particular state, all claims based on that state's laws are subject to dismissal.'") (citation omitted).

**Choice-of-law principles also preclude a nationwide action**: In the FAC, Plaintiffs do not specify what state law applies to the claims asserted on behalf of the nationwide class, which alone renders the claims deficient. *See Vinci v. Hyundai Motor Am.*, 2018 WL 6136828, at *13 (C.D. Cal. Apr. 10, 2018) ("[T]here is an important defect with Plaintiffs' first, fifth, sixth, eighth [and] ninth claims for breach of implied and express warranty, fraudulent concealment, and unjust enrichment: Plaintiffs do not identify under which state's law Plaintiffs are pursuing their claims.").

Moreover, many courts, including this one, have declined to apply one state's law to the claims of a putative nationwide class, or to apply 50 separate sets of state laws where representatives from those states are not present. *Vinci*, 2018 WL 6136828 at *25-26 ("Because of the material differences in state laws, states' interests in applying their own laws, and states' impaired ability to protect consumers within their borders if California law were to apply, Plaintiffs' nationwide claims are not warranted, and each plaintiff's individual claims must be governed by the laws of their home state."); *see also Glenn v. Hyundai Motor Am.*, 2016 WL 3621280, at *10 (C.D. Cal. June 24, 2016) ("Based on the governmental interest test, the Court finds each of Plaintiffs' individual claims must be governed by the consumer protection laws of their home states."). This case is no different, and the nationwide allegations in the FAC should be stricken for this additional reason.

## II. THE FAC IMPROPERLY ASSERTS CLAIMS ON BEHALF OF A PUTATIVE NATIONWIDE CLASS

There are 18 individual Plaintiffs in this case. And together, they are residents of 15 states—Florida, Alabama, Kansas, California, Illinois, Washington, Colorado, New Mexico, Iowa, Utah, Virginia, Mississippi, Oregon, Massachusetts and New York. (*See* FAC, ¶ 220.) Plaintiffs, however, purport to represent a nationwide class as to their claims for breach of express warranty, breach of the implied warranty of merchantability, fraud and unjust enrichment, without alleging which state's laws may apply to the nationwide class, or how any Plaintiff has standing to assert claims arising under the law of a state other than their own. (FAC, ¶¶ 231, 241, 257, 265.)

## III. PLAINTIFFS' LACK OF STANDING, AS WELL AS CHOICE-OF-LAW PRINCIPLES, PRECLUDE ANY NATIONWIDE CLAIM

**A.  Standards for Motions to Strike under Rules 12(f) and 23(d)(1)(D) and Motions to Dismiss under Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter." Fed. R. Civ. P. 12(f); *Roberts v. Wyndham Int'l, Inc.*, 2012 WL 6001459, at *3 (N.D. Cal. Nov. 30, 2012) ("The purpose of Rule 12(f) is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.") (quotation and citation omitted).  Similarly, Rule 23(d)(1)(D) "provides that the court may 'require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly.'" *Roberts*, 2012 WL 6001459, at *3.  Thus, "the court may strike class allegations if the complaint plainly reflects that a class action cannot be maintained." *Id.*; *see also Ruegsegger v. Caliber Home Loans*, 2019 WL 8163640, at *6 (C.D. Cal. Jan. 8, 2019) (courts in the Ninth Circuit have struck class allegations where it is clear from the pleadings that a class could not be certified) (citing *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009)).

In addition, "[f]ederal courts are courts of limited jurisdiction," and "[i]t is to be presumed that a cause lies outside this limited jurisdiction," unless otherwise shown. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (because standing pertains to a "federal court's subject-matter jurisdiction under Article III," it is properly raised in a motion to dismiss under Rule 12(b)(1)); *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (same).  On a Rule 12(b)(1) motion, "a court may 'allow or [ ] require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing.'" *Przybylak v. Bissell Better Life LLC*, 2019 WL 8060076, at *2 (C.D. Cal. July 19, 2019).

**B.   The Court Should Strike or Dismiss the Nationwide Class Allegations, and Dismiss the Nationwide Claims to the Extent Brought Under the Laws of Any State Other than Plaintiffs' Home States, Based on a Lack of Standing.**

"'Courts routinely dismiss claims' for lack of subject-matter jurisdiction 'where no plaintiff is alleged to reside in a state whose laws the class seeks to enforce' because the named plaintiff lacks standing to invoke the foreign [law].'" *Carpenter*, 2020 WL 996947, at *7 (citing *Harris v. CVS Pharmacy, Inc.*, 2015 WL 4694047, at *4 (C.D. Cal.

3

Aug. 6, 2015), and *In re Aftermarket Auto. Lighting Products Antitrust Litig.*, 2009 WL 9502003, at *6 (C.D. Cal. July 6, 2009)). The Court "should address standing prior to class certification." *Broomfield v. Craft Brew All., Inc.*, 2017 WL 3838453, at *14 (N.D. Cal. Sept. 1, 2017) (citing *Easter v. Am. W. Fin.*, 381 F.3d 948, 962 (9th Cir. 2004)). "Following *Easter*, California district courts frequently address the issue of Article III standing at the pleading stage and dismiss claims asserted under the laws of states in which no plaintiff resides or has purchased products." *Carpenter*, 2020 WL 996947, at *7 (collecting examples).

Plaintiffs here are attempting to assert four claims for breach of express and implied warranties, fraud and unjust enrichment on behalf of a nationwide class (FAC, ¶¶ 231, 241, 257, 265), while alleging that they are residents of 15 states. But Plaintiffs do not have standing to assert any claim based on the laws of any state other than their home states. *See Przybylak*, 2019 WL 8060076, at *3-4 (finding plaintiffs lacked standing to bring claims for breach of express and implied warranties, unjust enrichment, negligent misrepresentation and fraud claims under the laws of other states besides their own); *In re Aftermarket Auto. Lighting Products Antitrust Litig.*, 2009 WL 9502003, at *6 ("Courts routinely dismiss claims where no plaintiff is alleged to reside in a state whose laws the class seeks to enforce."); *Mollicone*, 2017 WL 440257, at *9-10 (finding "the majority of courts to consider this question" have found all claims based on state law subject to dismissal where a representative plaintiff is lacking).[3]

Plaintiffs cannot evade this requirement by pointing to their class allegations. "That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been

---

[3] *Accord Jones v. Micron Tech., Inc.*, 400 F. Supp. 3d 897, 908-911 (N.D. Cal. 2019) (holding that plaintiffs "do not have standing to bring claims under the laws of states where they have alleged no injury, residence, or other pertinent connection"); *In re Interior Molded Doors Antitrust Litig.*, 2019 WL 4478734, at *12-13 (E.D. Va. Sep. 18, 2019) (dismissing with prejudice plaintiffs' claims "for lack of Article III standing under the laws of the states where no named plaintiff resides or has suffered an injury[,]" including claims for unjust enrichment).

injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976)). Thus, as the *Carpenter* court held, it is irrelevant that "the FAC frames the putative classes as a nationwide class and a [state] subclass," because "there is no claim that governs a nationwide class." 2020 WL 996947, at *8.

What Plaintiffs are "attempting to do here is assert fifty fraud [and breach of warranty] . . . claims . . . and fifty unjust enrichment claims—one of each claim for each state—on behalf of fifty separate state-specific classes." *Carpenter*, 2020 WL 996947, at *8 (dismissing common law claims asserted on behalf of a nationwide class). This is improper because Plaintiffs do not have standing to invoke the law of any state other than their own. *See id.* at *9 ("The question here is whether [plaintiff] has standing to assert claims on behalf of unnamed class members under other state's laws that do not govern his own claims. He does not."). Thus, the nationwide class allegations should be stricken or dismissed, and the nationwide claims should be dismissed to the extent they are based on the laws of any state other than the remaining Plaintiffs' home state(s), if any.

**C.  Material Differences in State Laws Also Preclude a Nationwide Class.**

Choice-of-law principles also preclude a nationwide class for the breach of express warranty, breach of implied warranty, fraud and unjust enrichment claims asserted in the FAC. There are material differences in state laws, states have a compelling interest in applying their own laws, and those interests are impaired by applying a foreign state's laws. Thus, each Plaintiff's claims must be governed by the laws of their home state, and Plaintiffs' attempt to assert claims on a "nationwide" basis is improper.

As a threshold issue, the FAC does not allege what state law applies to the claims of the putative nationwide class, which is itself a defect requiring dismissal. *See Vinci*, 2018 WL 6136828, at *13 ("Since the Court held above that Plaintiffs' claims are governed by the laws of the state in which they purchased their vehicles, the Court finds it prudent to refrain from guessing what state law or laws Plaintiffs are using as the basis

5

for their claims."); *In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 933 (N.D. Cal. 2018) (dismissing unjust enrichment claim because plaintiffs did not identify any particular law but instead asserted the claim on behalf of a nationwide class).[4]

The Ninth Circuit has held that variations in state law pose insurmountable problems for proposed "nationwide" claims like those asserted here. *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589-94 (9th Cir. 2012) (holding that the district court erred because it erroneously concluded that California law could apply to the entire nationwide class).[5] Although *Mazza* reviewed a class-certification order, courts have repeatedly held that a similar determination can and should be made on the pleadings. *Vinci*, 2018 WL 6136828, at *7-10 (dismissing nationwide claims at the pleading stage); *Glenn*, 2016 WL 3621280, at *4 (same); *Cover v. Windsor Surry Co.*, 2016 WL 520991, at *5 (N.D. Cal. Feb. 10, 2016) ("*Mazza* is 'not only relevant but controlling,' even at the pleading phase."); *Davison v. Kia Motors Am., Inc.*, 2015 WL 3970502, at *3 (C.D. Cal. June 29, 2015) (dismissing "nationwide" claims at pleading stage).[6]

In Counts 1 through 4 of the FAC, Plaintiffs allege breach of express warranty, breach of implied warranty, fraud and unjust enrichment claims on behalf of a putative nationwide class. Under *Mazza*, *Vinci*, *Glenn* and similar authorities, these nationwide

---

[4] *Accord Nguyen v. Nissan N. Am., Inc.*, 2017 WL 1330602, at *5 n.2 (N.D. Cal. Apr. 11, 2017) ("Plaintiff's claim for unjust enrichment is also subject to dismissal . . . because Plaintiff brings this common law cause of action on behalf of a nationwide class, but Plaintiff does not specify which state's (or states') law Plaintiff intends to apply to this cause of action."); *Van Mourik v. Big Heart Pet Brands, Inc.*, 2018 WL 1116715, at *2 (N.D. Cal. Mar. 1, 2018) (concluding the same as to common law claims for fraud and unjust enrichment); *Augustine v. Talking Rain Bev. Co.*, 386 F. Supp. 3d 1317, 1333 (S.D. Cal. 2019) (holding similarly; dismissing warranty claims, among others).

[5] Hyundai has attached charts showing material differences and variation between and among the fifty states' breach of express warranty, breach of implied warranty, fraud and unjust enrichment laws. (*See* McCarthy Decl., Exs. A-C.) Hyundai incorporates those charts by reference.

[6] *See also Pardini v. Unilever United States, Inc.*, 961 F. Supp. 2d 1048, 1061 (N.D. Cal. 2013) (same); *Frezza v. Google, Inc.*, 2013 WL 1736788, at *6 (N.D. Cal. Apr. 22, 2013) (same).

claims should be dismissed or stricken.

"Over the past several decades, California courts have resolved choice of law questions using the 'governmental interest' analysis." *Vinci*, 2018 WL 6136828, at *5. The analysis has <u>three</u> prongs, each of which favors dismissal here.

**First**, as several courts have determined, there are material differences in the warranty, fraud and unjust enrichment laws of the fifty states. *See, e.g.*, *Vinci*, 2018 WL 6136828, at *7-8 (finding material differences between and among 50 states' breach of warranty, fraud and unjust enrichment laws under governmental interest analysis); *Darisse v. Nest Labs, Inc.*, 2016 WL 4385849, at *11-14 (N.D. Cal. Aug. 15, 2016) (finding material variation between and among the 50 states' laws for express warranty, implied warranty, and common law fraud claims); *Stitt v. Citibank*, 2015 WL 9177662, at *4 (N.D. Cal. Dec. 17, 2015) ("No court in this Circuit has certified a nationwide unjust enrichment class since *Mazza*."); *Hamilton v. TBC Corp.*, 328 F.R.D. 359, 385 (C.D. Cal. 2018) (noting the material differences in state law for express and implied warranty claims, among others); *see also* McCarthy Decl., Exs. A-C.[7]

**Second**, "each of the other forty-nine states has an interest in applying its own laws to the vehicle purchases within their borders." *Vinci*, 2018 WL 6136828, at *9. And, as *Mazza* recognized, this interest is "predominant." 666 F.3d at 592 ("[A] jurisdiction ordinarily has the predominant interest in regulating conduct that occurs within its borders.") (citation and quotation omitted); *see also Zinser v. Accufix Research Inst.*, 253 F.3d 1180, 1187 (9th Cir. 2001) (noting "every state has an interest in having its law applied to its resident claimants"). Thus, "foreign states 'obviously have an interest in having their own laws applied to the consumer transactions that took place within their borders." *Vinci*, 2018 WL 6136828, at *9, citing *Davison*, 2015 WL 3970502, at *3.

**Third**, the "state impairment" prong weighs in favor of applying the laws of each

---

[7] As shown in Exhibits A through C to the McCarthy Declaration, there is material variation between and among states' application of the Uniform Commercial Code for breach of warranty claims even in the 15 states where Plaintiffs collectively reside, let alone in all 50 states.

7

state, rather than the law of California (or another foreign state) on a nationwide basis. Indeed, "since Plaintiffs have brought a nationwide class action, Plaintiffs' claim[s] encompass[ ] class members who reside and have purchased their vehicles outside of California, and therefore California's interest in applying its law with respect to those members is outweighed by the interests of the other forty-nine states' interest in applying their laws to protect consumers with their borders." *Vinci*, 2018 WL 6136828, at *9, citing *Mazza*, 666 F.3d at 594.[8]

In sum, because of the material differences in state laws, states' interests in applying their own laws, and states' impaired ability to protect consumers within their borders if a foreign state's law were to apply, Plaintiffs' nationwide claims are unwarranted, and each remaining Plaintiff's claims, if any, must be governed by the laws of their home state.

## IV.  CONCLUSION

Plaintiffs do not have standing to assert any claim on a nationwide basis. Material differences in state law also preclude Plaintiffs' claims asserted on behalf of a nationwide class. Thus, the nationwide class allegations should be stricken or dismissed, and the nationwide claims for breach of express and implied warranty, fraud and unjust enrichment should be dismissed to the extent they are based on the laws of any state other than the remaining Plaintiffs' home states (if any).

Respectfully submitted,

Dated: October 30, 2020  **GREENBERG TRAURIG, LLP**

By:  s/ *Robert J. Herrington*
Robert J. Herrington
*Attorneys for Defendants Hyundai Motor America and Hyundai Motor Company*

---

[8] *Accord Freedline v. O Organics LLC*, 2020 U.S. Dist. LEXIS 199873, at *6, __ WL __ (N.D. Cal. Oct. 27, 2020) (finding a company's being headquartered in California and doing a "substantial amount" of its activities there was "not enough to overcome other states' interests" in having their own laws apply to their residents).

8